UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| STEWART D. GASE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:11-CV-484 RM |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent | ) | |

OPINION AND ORDER

Stewart D. Gase, a *pro se* prisoner, filed a habeas corpus petition to challenge his conviction and fifteen year sentence by the Adams Circuit Court under cause number 01C01-0904-FB-3. Habeas corpus petitions are subject to a one year statute of limitations.[1] Mr. Gase argues that his this habeas petition is timely because he filed a post-conviction relief petition on June 3, 2011. He doesn't indicate that the state prevented him from filing a habeas petition sooner or that his claims are based on either a newly recognized

---

[1] 28 U.S.C. § 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Constitutional right or newly discovered evidence.[2] Under 28 U.S.C. § 2244(d)(1)(A), then, the 1-year period of limitation began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .."

Mr. Gase was sentenced on February 1, 2010. He didn't take a direct appeal and the time for a direct appeal expired on March 3, 2010. *See* Indiana Rules of Appellate Procedure 9.A. (A notice of appeal must be filed within 30 days). So the one-year period of limitation began on March 4, 2010 and expired a year later, on March 4, 2011. Though it is true that a pending post-conviction relief petition tolls the one-year period of limitation, the time for filing had already expired by the time that Mr. Gase filed his post-conviction relief petition on June 3, 2011, so it was too late for the post-conviction relief petition to have any effect on the timeliness of this habeas corpus petition. Mr. Gase didn't sign his original habeas corpus petition in this case until December 14, 2011. This petition is untimely and must be dismissed.

Under SECTION 2254 HABEAS CORPUS RULE 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S.

---

[2] Mr. Gase's one claim is that he was sentenced without being permitted to withdraw his guilty plea. This claim implicates neither a newly recognized constitutional right nor newly discovered evidence.

473, 484 (2000). When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. Id. at 484–85. First, the petitioner must show that reasonable judges would find it debatable whether the court was correct in its procedural ruling. Id. at 484. Next, the petitioner must show that reasonable judges would find it debatable whether the petition states a valid claim for denial of a constitutional right. Id. The petitioner must satisfy both components to get a certificate of appealability. Id. at 485. This petition was not timely filed. Because there is no basis for finding that judges of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For the foregoing reasons, the court **DISMISSES** this habeas corpus petition as untimely pursuant to Section 2254 Habeas Corpus Rule 4 and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

SO ORDERED.

ENTERED: January  10 , 2012

/s/ Robert L. Miller, Jr.
Judge
United State District Court

cc: S. Case